# United States Court of Appeals for the Fifth Circuit

No. 23-50179
CONSOLIDATED WITH
No. 23-50186

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALVADOR DIAZ-DIAZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-697-1, 4:22-CR-713-1

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

Salvador Diaz-Diaz appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b). He also appeals the revocation of his supervised release and the sentence imposed upon revocation.

With respect to his illegal reentry conviction and sentence, Diaz-Diaz

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50179
c/w No. 23-50186

contends that the application of § 1326(b)'s enhanced penalty provision is unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. Diaz-Diaz has filed an unopposed motion for summary disposition and a letter brief conceding that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), and explaining that he raises the issue to preserve it for Supreme Court review.

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion is GRANTED, and the judgments are AFFIRMED.